Lin v. Garland

BIA
Poczter, IJ
A208 928 272

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-one.

PRESENT:
      SUSAN L. CARNEY,
      JOSEPH F. BIANCO,
        *Circuit Judges*,
      NICHOLAS G. GARAUFIS,
        *District Judge*.*

_____

LIN HANG BIN, AKA HANGBIN LIN,
      *Petitioner*,

      v.                **19-673**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

---

* Judge Nicholas G. Garaufis, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR PETITIONER:**          Zhen Liang Li, Esq., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney General; Derek C. Julius, Assistant Director; Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lin Hang Bin, a native and citizen of the People's Republic of China, seeks review of a 2019 decision of the BIA affirming a 2017 decision of the Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Hang Bin*, No. A 208 928 272 (B.I.A. Feb. 21, 2019), *aff'g* No. A 208 928 272 (Immigr. Ct. N.Y.C. Nov. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to deny the petition.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of*

*Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). In denying asylum, the IJ concluded that Lin did not carry his burden of proof because his testimony was not credible and he did not otherwise proffer sufficient evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record."). Lin challenges in this petition only the adverse credibility determination. *See* Pet. Br. at 6.

We review this determination for substantial evidence, "which requires that [a determination] be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (internal quotation marks omitted). "We defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and alterations omitted); *see* 8 U.S.C. § 1252(b)(4)(B) (An IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

An IJ may base an adverse credibility determination on

the "the totality of the circumstances" and "all relevant factors." 8 U.S.C. § 1158 (b)(1)(B)(iii). They include:

> . . . the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.* "Even where the agency relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential" to adverse credibility. *Hong Fei Gao*, 891 F.3d at 77 (internal quotation marks omitted).

We deny the petition for review because the IJ's adverse credibility determination was reasonable and supported by the record. *See id.* at 76; 8 U.S.C. §§ 1252(b)(4)(B). Among other things, the IJ relied on discrepancies in Lin's account of his Christian practice in China, the sole basis for his asylum claim. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (providing that applicants may be granted asylum if "[their] religion .

4

. . was or will be at least one central reason for persecuting the applicant[s]"). In Lin's written statement, he described "contact[ing] the [Christian] church for the first time" "[i]n February 2015." Cert. Admin. R. ("CAR") at 191. At that time, as Lin wrote, his friend Lin Jianping ("Jianping") "led" him to an "underground" illegal church in China. CAR at 191. On his third visit to this church, seven months later in September 2015, Lin was arrested in a police raid and detained for fifteen days. CAR at 191-92.

As Lin admitted at his asylum hearing, this written statement contains numerous discrepancies. Although the written statement implies that Lin's three visits to the illegal church were his primary experience of Christianity, Lin testified that he had belonged to a "formal church" in China as well. CAR at 44. As the IJ explained, citing a 2016 State Department report on China, "millions of Chinese citizens . . . practic[e] Christianity" openly at such churches. CAR at 50. When the IJ asked Lin why he had not disclosed this experience before, Lin inaccurately testified that he had. CAR at 44.

Furthermore, Lin admitted at the hearing that Jianping did not in fact introduce him to the illegal church, but to

5

the formal church. CAR at 45; *see* Pet. Br. at 17-18 (conceding that Lin's written account about Jianping's role was wrong). Lin instead testified that an individual named Chen Hao brought him to the illegal church. CAR at 45. When the IJ asked Lin why he had never mentioned Chen Hao before, Lin testified inaccurately that he had referred to Chen Hao namelessly as a "church brother" in his written statement. CAR at 45. But the written statement attributes Lin's introduction to the illegal church only to Jianping. CAR at 191.

The IJ reasonably determined that the shifting nature of Lin's account and his inaccurate testimony to explain these discrepancies undercut his credibility. Although Lin argues the discrepancies concern small details, an IJ is entitled to consider discrepancies "without regard to whether [they] go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). In any case, we consider significant that the discrepancies pertain to the consequential, dangerous, and presumably memorable decision by Lin to join the illegal church from the formal church. In this context, the IJ reasonably could find that such discrepancies reflected adversely on Lin's credibility, rather than were just

inadvertent or immaterial.

We also credit the IJ's direct observations of Lin's demeanor, candor, and responsiveness. *See id.* The IJ observed that Lin was "unable to provide detail" about the critical events at issue. CAR at 45. Lin seemed to "use[] the same terminology" to answer different questions as though he "had committed to memory the general aspects of [his] claim but was not able to provide specific detail regarding the story." CAR at 45.

In light of the totality of this record, we conclude that the IJ made a reasonable adverse credibility determination as to Lin. We have reviewed his remaining arguments and find in them no basis for granting the petition.

The petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                            FOR THE COURT:
                            Catherine O'Hagan Wolfe,
                            Clerk of Court